# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DELBERT McNEIL, JR., )
                                                 )
        Plaintiff, )
                                                 )
-vs- )   Case No. CIV-19-0617-F
                                                 )
ANDY SLACK WRECKER )
SERVICE, et al., )
                                                 )
        Defendants. )

## ORDER

      This action is brought by Delbert McNeil, Jr., a state court pretrial detainee appearing *pro se*, who seeks relief under 42 U.S.C. § 1983 and state law. Plaintiff's pleadings are liberally construed.

      The Report and Recommendation of Magistrate Judge Suzanne Mitchell is before the court. Doc. no. 18 (the Report, filed December 4, 2019). On initial review of the operative version of the complaint (the Second Amended Complaint, doc. no. 14, hereafter referred to as "the complaint"), the Report recommends dismissal of this action, without prejudice, for lack of subject matter jurisdiction.

      Court records cited in the Report indicate that after a traffic stop, a deputy sheriff arrested plaintiff and that after an inventory search, the vehicle was released to Slack's Wrecker Service and removed. The complaint alleges that defendant

Slack[1] towed plaintiff's vehicle and stored it at Andy Slack's. The complaint further alleges that defendant Slack gave plaintiff's keys to Tasha Jones without proper proof of ownership, after which Jones went to plaintiff's place of business and stole plaintiff's company truck and other items. The complaint alleges that as a result of these events, defendant Slack deprived plaintiff of property without due process of law in violation of the Fourteenth Amendment. The complaint also alleges a claim, under state law, for violation of impoundment procedures.

The Report reviews the complaint in detail and concludes that plaintiff failed to provide sufficient factual matter to allege that defendant Slack was a state actor at the time that plaintiff was allegedly deprived of a federal right, with the result that federal courts lack jurisdiction over the § 1983 claim. The Report further concludes that this court lacks pendant jurisdiction to determine the state-law claim, which must also be dismissed. Accordingly, the Report recommends dismissal of this action, without prejudice, for lack of subject matter jurisdiction.

Plaintiff objects to the Report. Doc. no. 20. He argues, among other things, that defendant Slack was holding plaintiff's vehicle for the State of Oklahoma and thus acting under color of law at the time plaintiff was deprived of a federal right.

After de novo review, the court denies plaintiff's objection. The magistrate judge correctly concluded that plaintiff alleges no facts that suggest defendant Slack was holding the vehicle for the state at the time of the complained of deprivation of plaintiff's rights; nor does plaintiff allege any facts that suggest a state official assisted Slack in releasing plaintiff's property to Jones; nor does plaintiff allege any facts that suggest a state official otherwise encouraged or

---

[1] Because plaintiff does not effectively distinguish his claims among "Andy Slack," "Andy Slack Wrecker Service," and "Andy Slack, owner, Slack Wrecker Service," and because such a distinction is irrelevant to the recommended disposition of this matter, the Report refers to the defendant, in the singular, as "defendant Slack." This order will do likewise.

authorized Slack to do so. The court agrees with the magistrate judge that the complaint does not allege sufficient facts to show the vehicle was being held by the state or that defendant Slack was a state actor at the time of the complained of deprivation of plaintiff's federal rights. The court also agrees with the magistrate judge's recommendation that the state-law claim should be dismissed along with the federal claim, for lack of subject matter jurisdiction.

After careful consideration, plaintiff's objection to the Report is **DENIED**. Doc. no. 20. The Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED.** Doc. no. 18. As recommended in the Report, this action is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED this 31st day of December, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0617p001.docx